[NOT FOR PUBLICATION]

 United States Court of Appeals
 For the First Circuit
 

No. 97-1468

 UNITED STATES,

 Appellee,

 v.

 MANUEL VALERIO,

 Defendant - Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge] 

 

 Before

 Boudin, Circuit Judge, 

 Coffin, Senior Circuit Judge, 

 and Dowd, Jr.,* Senior District Judge. 

 

 Randy Olen, with whom John M. Cicilline was on brief for 
appellant.
 Margaret E. Curran, Assistant United States Attorney, with 
whom Sheldon Whitehouse, United States Attorney, and Kenneth P. 
Madden, Assistant United States Attorney, were on brief for 
appellee.

 

 January 26, 1998
 

  

* Of the Northern District of Ohio, sitting by designation.

 DOWD, Senior District Judge. The sole issue raised by DOWD, Senior District Judge. 

this appeal of the defendant's sentence, based on his guilty

plea, is whether the defendant was entitled to have cocaine

base(crack) separated from the cocaine powder, as packaged

together in three containers. The defendant asserted that the two

forms of cocaine should have been separated prior to calculating

the offense level. The sentencing court disagreed and we agree

with the sentencing court and thus affirm.

 The defendant was charged in an indictment with

possession with intent to deliver cocaine in violation of 21

U.S.C. 841(a)(1). He entered a plea of guilty. On June 28,

1996, Providence Rhode Island police officers executed a search

warrant at the defendant s home and seized three bags, each

containing cocaine powder and cocaine base. The total combined

weight of powder and cocaine base was 123.4 grams. Additionally,

the police discovered a separate container containing 7.43 grams

of crack cocaine.1 
  

1 The defendant entered his plea of guilty on December 6, 1996.
The United States Attorney recited the factual basis in part as
follows:

 . . . that on June 28, 1996, at approximately
 6:00 p.m., Providence police officers
 executed a search warrant at a first floor
 apartment . . . which was the home of the
 defendant Manuel Valerio. At the time the
 officers executed the warrant, the defendant
 was at home . . . he was advised of his
 Miranda warning by the officers. At that 
 time he agreed to show the police officers
 where the drugs in his house were located.
 He led the officers to the master bedroom in
 the apartment. Under the bed he pulled out a
 bag of rice. Examination of that bag showed

 -2-

 The district court calculated the defendant s base

offense level as 32 pursuant to 2D1.1(c)(4) of the Sentencing

Guidelines drug quantity table.2 The government argued and the

sentencing court agreed that Note A to 2D1.1(c) applied which

indicates that if a mixture or substance contains more than one

controlled substance, "the weight of the entire mixture or

substance is assigned to the controlled substance that results in

the greater offense level." Consequently, the three bags with

weight of 123.4 grams was treated as crack cocaine.3 The Court

  

 that it contained three plastic bags. The
 plastic bags each contained a substance later
 determined in total to be 123.4 grams of a
 mixture containing powder cocaine and cocaine
 base . . . in a bedroom closet, officers
 seized a baby wipes container. Inside of
 that were two bags of cut and also a bag
 containing 7.43 grams of cocaine base. 

 The defendant agreed with the above factual
 basis. 

2 This subsection applies to offenses involving at least 50
grams, but less than 150 grams of crack cocaine. 

3 Prior to sentencing, the defendant moved for the opportunity
to have a forensic chemist separate and measure the cocaine
powder and the cocaine base. The motion was unopposed. However,
the defendant did not follow up on the request. Nonetheless, the
defendant argues that had the crack cocaine been isolated from
the cocaine powder, the resulting base offense level would have
been 26, with a net offense level of 25, which when combined with
the defendant's Criminal History of II, would have provided for a
range of 63-78 months. In order to lower the base offense level
to 26, the weight of the separated cocaine base, when added to
the 7.43 grams of crack cocaine in the separate container would
have to have been less than 12.57 grams of cocaine base as 
2D1.1(c)(7) provides for a base offense level of 26 where the
crack cocaine is not more than 20 grams. It is not clear from
the record as to why counsel for the defendant is of the view
that the "separated" crack cocaine in the three containers would
have weighed less than 12.57 grams. 

 -3-

found that the offense level was 31 with a Guideline Range of

121-151 months by assessing a two level increase for possession

of a firearm and a three level decrease for acceptance of

responsibility. 

 The government moved for a downward departure based on

substantial assistance ( 5K1.1) and the Court reduced the

sentence below the mandatory minimum to a term of 60 months from

which the defendant now appeals.4 

 The emerging issues in determining the weight of the

offending controlled substances5 was partially responsible for

the subsequent amendment 484 to the Sentencing Guidelines and in

which the defendant takes comfort in this case. Amendment 484

which became effective November 1, 1993 and amended the

commentary to 2D1.1 by deleting "21 U.S.C. 841" and inserting

in lieu thereof:

 "21 U.S.C. 841, except as expressly
 provided. Mixture or substance does not
 include materials that must be separated from
 the controlled substance before the
 controlled substance can be used. Examples
 of such materials include the fiberglass in a
 cocaine/fiberglass bonded suitcase, beeswax
  

4 The defendant's sentencing range, prior to departure was 121
to 151 months. The prosecution advocated a seven year sentence
and the defendant a three year sentence. The district court
indicated it would, in effect, cut the sentence in half and
sentence the defendant to the sixty-month term. Defendant's
counsel reasons that had the cocaine powder and cocaine base been
separated for sentencing purposes with a resulting range of 63 to
78 months, cutting the sentence in half would have resulted in a
32 month sentence. Hence, the appeal. 

5 See United States v. Mahecha-Onofre, 936 F.2d 623 (1st Cir. 
1991) and United States v. L pez-Gil, 965 F.2d 1124 (1st Cir. 
1992).

 -4-

 in a cocaine/beeswax statute, and waste water
 from an illicit laboratory used to
 manufacture a controlled substance. If such
 material cannot readily be separated from the
 mixture or substance that appropriately is
 counted in the Drug Quantity Table, the court
 may use any reasonable method to approximate
 the weight of the mixture or substance to be
 counted.

 An upward departure nonetheless may be
 warranted when the mixture or substance
 counted in the Drug Quantity Table is
 combined with other, non-countable material
 in an unusually sophisticated manner in order
 to avoid detection.".

 It is without dispute that the defendant possessed with

intent to distribute a substance containing two controlled

substances. Nonetheless, because the two are not ingested in the

same manner, (the powder is inhaled and the crack is smoked)

the defendant argues they must be separated for sentencing

purposes in reliance on the Amended Commentary to U.S.S.G. 

2D1.1 as the cocaine powder and cocaine base come within the

concept of "materials that must be separated from the controlled

substance before the controlled substance can be used." However,

as indicated in United States v. Campbell, 61 F.3d 976, 982 (1st 

Cir. 1995), cert. denied, 116 S. Ct. 1556 (1996) "the commentary 

excludes only materials that are unusable or unmarketable, such

as those used to transport the controlled substance, or waste

products that are discarded before the controlled substance is

put into the distribution chain." (Citations omitted). As

neither the cocaine powder or cocaine base is unusable or

unmarketable, the revisions to the commentary to U.S.S.G. 

 -5-

2D1.1 provided by Amendment 484 are of no assistance to the

defendant.6 

 Accordingly, the district court's judgment is AFFIRMED. AFFIRMED

  

6 Defendant's counsel, at the sentencing hearing, advocated the
separation contending that finding the two substances together is
illogical and went on to state that he could not explain why the
cocaine base and cocaine powder were mixed. No testimony was
offered as to why they were mixed, but in our view the motive or
lack of motive for the mixture is not relevant. 

 -6-